**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No.: 1:13-cr-00135-M-LDA |
| ) | |
| JOHN J. FALL, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION IN LIMINE REQUESTING CONTINUOUS JURY INSTRUCTIONS THROUGHOUT TRIAL CONCERNING DEFENDANT'S INCORRECT STATEMENTS OF THE LAW**

The United States, by and through undersigned counsel, hereby moves in limine requesting that the Court, consistent with *United States v. Adams*, 740 F.3d 40, 46 (1st Cir. 2013) (affirming tax defier conviction and court's repeated use of cautionary instructions throughout trial concerning tax defier material and misstatements of the law), continuously instruct the jury throughout trial concerning defendant's misstatements of the law should he be so permitted to make such statements, and remind the jury that that the Court is the sole source of the law.

Respectfully submitted,

UNITED STATES OF AMERICA,
By its Attorneys,

PETER F. NERONHA
United States Attorney

By:   /s/John N. Kane, Jr.
JOHN N. KANE, JR.
Assistant Chief
United States Department of Justice, Tax Division
601 D Street, NW
Washington, D.C. 20530
P: (202) 514-5150
F: (202) 616-1786

By: */s/Jeffrey Bender*
JEFFREY BENDER
Trial Attorney
United States Department of Justice, Tax Division
601 D Street, NW
Washington, DC 20530
Tel: (202) 514-5150
Fax: (202) 514-8455

Date: January 12, 2015

1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 1:13-cr-00135-M-LDA |
| ) | |
| JOHN J. FALL, ) | |
| ) | |
|     Defendant. ) | |

## GOVERNMENT'S MOTION IN LIMINE REQUESTING CONTINUOUS JURY INSTRUCTIONS THROUGHOUT TRIAL CONCERNING DEFENDANT'S INCORRECT STATEMENTS OF THE LAW

The United States, by and through undersigned counsel, hereby moves in limine requesting that the Court, consistent with United States v. Adams, 740 F.3d 40, 46 (1st Cir. 2013) (affirming tax defier conviction and court's repeated use of cautionary instructions throughout trial concerning tax defier material and misstatements of the law), continuously instruct the jury throughout trial concerning defendant's misstatements of the law should he be so permitted to make such statements, and remind the jury that the Court is the sole source of the law.

It is well established that, "[i]n our judicial system the court instructs the jury on the applicable law, and directs the jury to determine the facts from the evidence and to apply the law as given by the court to those facts." United States v. Garber, 589 F.2d 843, 849 (5th Cir. 1979). Moreover, "it is within the sole province of the court 'to determine the applicable law and to instruct the jury as to that law.'" United States v. Hill, 167 F.3d 1055, 1069 (6th Cir. 1999) (quotation omitted); see also United States v. Willie, 941 F.2d 1384, 1396 (10th Cir. 1991) ("[T]he law is given to the jury by the court and not introduced as evidence. . . . Obviously, it would be most confusing to a jury to have legal material introduced as evidence and then argued

as to what the law is or ought to be. . . . Juries only decide facts, to which they apply the law given to them by the judge." (quotations and internal citations omitted)).

Based on the history of defendant in this case, there is good reason to believe that he may attempt to improperly present to the jury legal materials and argument along various tax-protestor or tax-defier themes. The danger here of potentially confusing the jury is even more pronounced because the defendant is representing himself and may seek to indirectly testify by inappropriately cross examining Government witnesses on legal issues or otherwise suggest to the jury what he believes the law is. As we noted in our pre-trial brief, the defendant is certainly free to testify under oath about what he believed the law was. However, he should not be permitted, as a pro se defendant, to improperly inject his legal arguments through all phases of trial. In addition, the defendant must not be permitted to blur the line between factual evidence about his state of mind and the actual law. See Fed. R. Evid. 103(c).

Should the defendant at any point in the trial make any improper reference to incorrect statements of the law, the Government requests that the Court instruct the jury at the time such reference is made that it is the sole source of the law, and that the defendant's statements are incorrect statements of the law. The Government has drafted a proposed instruction submitted with its jury instructions:

> [Members of the jury, you may recall that at the beginning of trial I gave you some instructions concerning the role of this Court, as well as your role as jurors. I informed you that this Court is the sole source of law and that you the jurors decide the facts.
>
> One of the parties, in this case, the [Government][Defendant], seeks to introduce [evidence, e.g., Exhibit ___ or testimony about membership in ___]. I am going to admit this document for the limited purpose for which it is offered, namely, as evidence of what the [Government][Defendant] believes the document may or may not show concerning the defendant's state of mind. You are to disregard the statements of law contained in this document because this Court is the sole source of the law, and the statements of law in this document are not

3

> correct.  I instruct you that you cannot rely on these references for purposes of determining what the law is.

The Court's instruction need not of course be this precise formulation, and any instruction would have to be modified for the precise context in which the misstatement of law arises.  But some sort of instruction similar to this proposed instruction will be necessary to prevent jury confusion.

A similar instruction was given repeatedly throughout trial and affirmed by the First Circuit in a related tax defier case, United States v. Adams, 740 F.3d 40, 45-46 (1st Cir. 2014). As the Circuit reasoned:

> Criminal tax cases in which a defendant mounts a good-faith defense are fertile soil for the judicious use of such instructions. In such cases, 'the district court must be permitted to prevent the defendant's alleged view of the law from confusing the jury as to the actual state of the law. . .  In this case, the district court's use of cautionary instructions appears to have been carefully considered. Moreover, the content of the cautionary instructions was impeccable.

Id.

Accordingly, the Court should not permit the defendant to make misstatements of the law until he testifies to what he claims were his good faith beliefs.  Should he make such misstatements at any point in the trial, we request that the Court instruct the jury then and there whenever such misstatements are made.

      Respectfully submitted,

      UNITED STATES OF AMERICA,
      By its Attorneys,

      PETER F. NERONHA
      United States Attorney

By:   /s/John N. Kane, Jr.
      JOHN N. KANE, JR.
      Assistant Chief
      United States Department of Justice, Tax Division

                    601 D Street, NW  
                    Washington, D.C. 20530  
                    P: (202) 514-5150  
                    F: (202) 616-1786  

By:    */s/Jeffrey Bender*  
        JEFFREY BENDER  
        Trial Attorney  
        United States Department of Justice, Tax Division  
        601 D Street, NW  
        Washington, DC 20530  
        Tel: (202) 514-5150  
        Fax: (202) 514-8455  

Date: January 12, 2015

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed, with the Clerk of Court using the CM/ECF system, a true and accurate copy of the within GOVERNMENT'S MOTION IN LIMINE REQUESTING CONTINUOUS JURY INSTRUCTIONS THROUGHOUT TRIAL CONCERNING DEFENDANT'S INCORRECT STATEMENTS OF THE LAW which will in turn send notification to:

> Kevin Fitzgerald, Esq.
> Federal Public Defender Office
> 10 Weybosset Street
> Suite 300
> Providence, RI 02903
> 401-528-4281

      I further certify that on or before January 12, 2015, I caused the within GOVERNMENT'S MOTION IN LIMINE REQUESTING CONTINUOUS JURY INSTRUCTIONS THROUGHOUT TRIAL CONCERNING DEFENDANT'S INCORRECT STATEMENTS OF THE LAW to be served via Federal Express to:

> John J. Fall
> 108 Princess Avenue
> Cranston, RI 02902

> /s/John N. Kane, Jr.
> JOHN N. KANE, JR.
> Assistant Chief
> United States Department of Justice, Tax Division
> 601 D Street, NW
> Washington, DC 20530
> Tel: (202) 514-5150
> Fax: (202) 616-1786

Date: January 12, 2015