UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR 13-0135 M |
| | ) | |
| JOHN J. FALL | ) | |

OBJECTION TO PRESENTENCE REPORT

Now comes John Fall, the Defendant in the above captioned matter, and objects to the following portions of the Presentence Report ("PSR") produced in his case. First, Mr. Fall objects to the government's use of the PSR as its own sentencing memorandum. Second, Mr. Fall objects to the guideline calculation to the extent that it is enhanced based on the government's allegations. Mr. Fall requests the Court remove the offending portions from the report before its final submission.

I.    The Offense Conduct, PSR ¶ 10 - 29

Mr. Fall objects to the Offense Conduct section as presented by the Probation Department, though clearly written by the government.

In this district, as a general practice, the government and the Defendant are allowed to submit a statement of facts for publication in the pre-sentence report. The statement of facts section, however, is not established or supported by rule any or statute. The directed purpose and contents of a pre-sentence report are discussed in 18 U.S.C. § 3552, Fed. R. Crim. P. 32, and U.S.S.G. § 6A1.1, et. seq. None of these regulations mentions a government or Defendant submission of "facts". While Mr. Fall recognizes the convenience of having a factual recitation in the PSR for the Court and Probation Officer, that recitation cannot be a vehicle for sentencing advocacy. The narrative submitted by the government and published in section can only be viewed as sentencing argument.

The government has a full and fair opportunity to suggest adjustments, departures and variances through written and oral motions, and argument during the sentencing process just like the Defendant. The Court cannot allow the government to use the PSR to further its sentencing arguments. This section must be limited to facts either admitted by the defendant during a plea

colloquy or proven by the government at trial. All information beyond that limit is simply argument and not appropriately placed in the PSR. The PSR is the Court's document and the Court cannot allow the government to use the PSR for sentencing advocacy.

If this section is to operate as intended, then it should only contain the facts that the jury convicted Mr. Fall of four charges:

1. Obstructing the IRS in violation of 26 U.S.C. § 7212(a);
2. Tax Evasion in violation of 26 U.S.C. § 7201; and
3. Two counts of Aiding the Preparation of False Tax Returns in violation of 26 U.S.C. § 7206(2).

The jury did not make specific factual findings of how Mr. Fall committed those crimes, and there is a distinct difference between what was presented at trial and what the evidence showed or proved. Nonetheless, the government repeatedly states that the evidence at trial showed particular facts, and adds allegations, innuendo, and hearsay to what it believed it proved at trial. The government is certainly entitled to its own argument and opinion of what it proved and what Mr. Fall did, but the PSR is not the place for it to express that opinion.

For example, the fact section could state that Mr. Fall failed to pay taxes for a period of time and that he interfered with his wife's taxes in accordance with the indictment. Instead it states:

> [B]eginning with tax year 1998, the evidence at trial showed that John Fall embarked on a decade-long campaign to thwart the IRS. A self-proclaimed sovereign citizen, the defendant decided to stop paying taxes. The evidence showed that he engaged in an extensive effort to hide not only his own assets and income, but also certain income and assets of his then spouse, C.S., a successful Providence dentist.

PSR ¶ 13. The government characterizes Mr. Fall's actions as a "campaign" against the IRS which stirs up the notion that he is engaged in a battle or attacking the IRS. Even if it is accurate to say that Mr. Fall was fighting with the IRS about what he owed in taxes, the government's portrayal is argument. It says that he is a "sovereign citizen" performing acts of terrorism against the IRS and the courts. PSR ¶¶ 13 & 27. It says he has filed "frivolous" documents with the IRS and the courts even though only the government gets to decide what is and is not frivolous. *Id*. It resorts to further name calling - tax dodger, tax defier, sovereign citizen – without explanation of those terms. PSR ¶¶ 27-29. It also calls him a liar. PSR ¶ 28. None of these statements are, or relate to, facts proven at trial. The sole purpose for including them in the

PSR is to smear Mr. Fall's character and negatively affect his sentence. The government can attack Mr. Fall's character for sentencing, but it must do so in the proper place; its own memorandum, not the PSR.

On a practical level, the Court must consider that the PSR will follow Mr. Fall to the Bureau of Prisons ("BOP"). The BOP will use the PSR as a tool to decide where to place Mr. Fall within the prison system and under what level of security. The government has defined him as a member of the "sovereign citizen" movement and used the term "terrorism" to describe his actions. While the government may use those terms for one reason, and the Court may consider them for its own purpose, the BOP will read PSR in its own context after Mr. Fall is sentenced. The BOP will assume the worst and treat Mr. Fall as if he has some kind of connection with violent anti-government groups. The reality is that he no such connections or tendencies. Mr. Fall has no history of any violent behavior whatsoever, but the descriptions in the PSR will be negatively interpreted by the BOP and they will negatively affect the circumstances of Mr. Fall's prison classification.

The Court must strike the government's argument from the PSR.

II.     Obstruction of Justice Enhancement, PSR ¶ 31

The probation officer has relied on the government's characterizations/argument in the above mentioned facts section to apply the obstruction of justice enhancement to Mr. Fall's guideline calculation under the Federal Sentencing Guidelines. In ¶ 31 the probation officer states:

> <u>Per the offense conduct</u>, the defendant has obstructed or attempted to obstruct justice by filing numerous false and frivolous filings with the Court to delay and impede this case, filed false, frivolous, and retaliatory lawsuits, in both state and federal court, against the assigned prosecutors in this case, and perjured himself when he testified on his own behalf during his direct testimony. (emphasis added).

This is not proper. The application of sentencing enhancements must be based on proof, not merely a party's say so. The government believes Mr. Fall's conduct was obstructive and that he committed perjury, but they have not put forth any evidence of these allegations. The probation office must have some proof before applying sentencing enhancements. Moreover, the government must *prove* the allegations to the Court in order for it to apply the enhancement to the ultimate guideline range.

At present, the government's allegations are made solely from its biased perspective without supporting facts. Mr. Fall did file numerous items with the Court in his own defense. The fact that these filings were either ineffective or misapplications of the law does not make them obstructive. As for other lawsuits filed by Mr. Fall, the government labels them as retaliatory and frivolous but does not explain how or why they amount to obstruction warranting a sentence enhancement. Lastly, the government's accusation of perjury is simply unfounded. The fact that a person testifies, or attempts to testify, contrary to the government's theories of the case or in contrast to other testimony does not equate to perjury. Likewise, the government's disbelief of Mr. Fall's testimony does not support perjury.

Absent proof of obstruction this enhancement must be removed from the PSR. The resulting guideline calculation would then be an offense level of 20 in criminal history category I, with an advisory sentencing range of 33 to 41 months.

III.   Conclusion

Mr. Fall requests the Court sustain these objections and remove the offending government argument from the fact section of the PSR and remove the obstruction enhancement as applied.

>Respectfully submitted
>John J. Fall
>By his attorney,
>
>/s/ Kevin J. Fitzgerald, 5775
>Assistant Federal Defender
>10 Weybosset St., Ste. 300
>Providence, RI 02903
>(401) 528-4281
>FAX 528-4285
>kevin_fitzgerald@fd.org

CERTIFICATION

I hereby certify that a copy of this motion was delivered by electronic notification to John Kane, Assistant United States Attorney, Jeffery Bender, Assistant United States Attorney, and Anthony Desjardins, United States Probation Officer, on April 9, 2015.

/s/ Kevin J. Fitzgerald