# United States Court of Appeals
## For the First Circuit

No. 15-1570

UNITED STATES,

Appellee,

v.

JOHN J. FALL,

Defendant, Appellant.

Before

Thompson, Kayatta and Barron,
Circuit Judges.

**JUDGMENT**

Entered: April 26, 2017

    In this direct criminal appeal, which appellant John Fall has elected to pursue pro se, Fall challenges his prosecution and conviction for certain federal tax law crimes. After review of the district court record and the parties' briefs, we conclude that summary affirmance is appropriate and deny pending motions that have not been addressed in our prior orders. We briefly explain our decision.

    In large part, Fall raises meritless sovereign citizen arguments, which have "'no conceivable validity in American law.'" United States v. Banks, 828 F.3d 609, 615 n.1 (7th Cir. 2016) (citations omitted), cert. denied, 2017 WL 176675 (U.S. 2/21/17) (No. 16-7571). Furthermore, given his insistence on pursuing those arguments during pretrial proceedings and his refusal to obey court orders, the district court permissibly revoked Fall's pro se status and appointed counsel to represent him at trial. See Faretta v. California, 422 U.S. 806, 834 n.46 (1975) (acknowledging that "the trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct") (citing generally to Illinois v. Allen, 397 U.S. 337 (1970)). Nor did Fall have a Sixth Amendment right to the assistance of a non-attorney at trial, as he claims. See United States v. Gonzalez-Lopez, 548 U.S. 140, 144, 151-52 (2006) (the Sixth Amendment guarantees non-indigent defendants the right to representation by a qualified member of the bar); Luis v. United States, 136 S. Ct. 1083, 1089 (2016) (indigent defendants are entitled to adequate

representation by appointed counsel, but not to have the government pay for their "preferred representational choice") (citation omitted). In addition, the willfulness instruction the district court gave the jury complied with Supreme Court case law. See Cheek v. United States, 498 U.S. 192, 201-04 (1991) (discussing applicable standards). And, finally, although Fall raises several ineffective assistance claims, we decline to consider them at this time. See United States v. Gall, 829 F.3d 64, 71 (1st Cir. 2016) (noting this court's usual practice not to review ineffective assistance claims on direct appeal).

       Affirmed. See Loc. R. 27.0(c).

                                          By the Court:

                                          /s/ Margaret Carter, Clerk

cc:
John J. Fall
Gregory Victor Davis
Frank Phillip Cihlar
Donald Campbell Lockhart
John Noel Kane Jr.
Mark Sterling Determan